IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                        22-CR-188 WJ

SHILO OLDROCK,

        Defendant.

**UNOPPOSED MOTION TO CONTINUE JURY TRIAL AND DEADLINES**

Shilo Oldrock, through Assistant Federal Defender Alejandro Fernandez respectfully moves this Court to continue the trial date, currently set for November 7, 2022, and to reschedule all other motions deadlines and settings in this matter for 90 days.

1. Mr. Oldrock was arraigned on February 16, 2022 (Doc. 23) to an indictment charging one count of first degree murder (Doc. 20). Mr. Oldrock was detained on these charges.

2. Pursuant to the standing discovery order, (Doc. 24), the Government disclosed materials on or about November 18, 2022, February 24, 2022, and September 8, 2022.

3. A continuance of 90 days is necessary for counsel to complete the following tasks:

      a.      Continue reviewing the discovery material that have been disclosed.

      b.      Determine whether there are additional discovery items still outstanding.

      c.      Conduct further factual investigation.

      d.      Research legal issues.

      e.      Initiate negotiations with opposing counsel to determine whether a resolution can be reached.

      f.      Counsel Mr. Oldrock as to his legal options.

      g.      Research and draft any pre-trial motions.

      h.      If a trial must take place, prepare for trial.

4.      Mr. Oldrock requests a continuance of trial and motions' deadlines of 90 days from the current setting. Counsel believes that length of time to be the minimum sufficient to complete the above-referenced tasks.

5.      Mr. Oldrock's right to effective assistance of counsel includes adequate time to prepare for trial. As the Eleventh Circuit has recognized:

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense:
>
> Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed.
>
> But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of

counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment.

United States v. Verderame, 51 F.3d 249, 252 (11th Cir. 1995) (quoting Avery v. Alabama, 308 U.S. 444, 446, 90 S.Ct. 321, 322 (1940).

6. Mr. Oldrock agrees with this request for a continuance and will not be prejudiced in the event that it is granted. Counsel has discussed with Mr. Oldrock his rights under the Speedy Trial Act, and he understands the need for a continuance and respectfully asks that this Court grant the instant request.

7. In compliance with the provisions of 18 U.S.C. § 3161(h)(7)(A), undersigned counsel affirmatively states that the ends of justice will be served by granting this extension of time in which to file motions and a continuance of the trial. See United States v. Hernandez-Mejia, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest in mind'.") (quoting United States v. Toombs, 574 F.3d 1262, 1273 (10th Cir. 2009)). Additional time will allow the defense and prosecution the opportunity to try to reach a resolution that will greatly save judicial and prosecutorial resources.

8. The Federal Rules of Criminal Procedure, the Speedy Trial Act, and the Federal Rules of Evidence all contemplate the use of pre-trial resources in the effort to settle cases without trial. See Fed.R.Crim.P. 11(c); 18 U.S.C.

§ 3161(h)(1)(G); Fed.R.Evid. 410. A continuance that aims to avoid an unnecessary trial and conserve judicial resources serves the purposes of the Speedy Trial Act. See Connolly v. United States, 2013 WL 530869 (D. N.J. Feb. 11, 2013) (unpublished) (waste of prosecutorial and judicial resources and delay in the trial of other cases is contrary to the objectives underlying the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*); United States v. Stanton, 94 F.3d 643 (4th Cir. 1996) (unpublished) ("it is also clear that the obvious reason the district court granted the motion was to conserve judicial resources by avoiding potential piecemeal litigation, and this justified an ends of justice finding under § 3161"); United States v. Stradford, 394 F.App'x 923, 927, 2010 WL 3622995 (3d Cir. 2010) (unpublished) (affirming the grant of a continuance for several reasons including time to discuss plea negotiations and the continuance would likely conserve judicial resources). This motion is not predicated upon the congestion of the Court's docket.

9. AUSA Nicholas Marshall does not oppose this Motion to Continue.

**WHEREFORE**, Mr. Oldrock respectfully requests that this Court continue the trial 90 days, and vacate and reschedule all other motions deadlines and settings in this matter.

Respectfully Submitted,


*[Electronically Filed]*
ALEJANDRO B. FERNANDEZ
Counsel for Mr. Oldrock
Federal Public Defender
111 Lomas Blvd. NW, Suite 501
Albuquerque, New Mexico 87102
(505) 346-2489
alejandro_fernandez@fd.org